### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MASTERFILE CORPORATION | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. _____ |
| vs. | : | |
| | : | |
| BIGSY MUSIC, INC. and | : | Jury Trial Demanded |
| CYNTHIA BIGGS | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff, Masterfile Corporation ("Masterfile"), by its attorneys, for its complaint against Defendants, Bigsy Music, Inc. ("Bigsy") and Cynthia Biggs ("Biggs", jointly "Defendants"), alleges as follows:

### JURISDICTION AND VENUE

1. This claim arises under the provisions of the Copyright Act of the United States, as amended, 17 U.S.C. § 1 et seq., and is for infringement of a copyright registered in the Copyright Office of the United States.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and personal jurisdiction over Defendants.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) in that the Defendant Bigsy is a corporation subject to a personal jurisdiction in this district, and Defendant Biggs resides in this district.

## PARTIES

4. Masterfile is a well known stock photography agency residing at 3 Concorde Gate, Fourth Floor, Toronto, Ontario, Canada M3C 3N7.

5. Masterfile is in the business of licensing reproduction rights in photographs to users for a fee.

6. Upon information and belief, Defendant Bigsy is engaged in the business of songwriting.

7. Upon information and belief, Defendant Bigsy is a corporation operating, conducting, engaging in, or carrying on a business or business venture in Pennsylvania.

8. Upon information and belief, Defendant Bigsy has an office located at 815 Orangewood Court, Perkasie, Bucks County, Pennsylvania 18944, and also receives mail at P.O. Box 773, Southeastern, Pennsylvania, 19399.

9. Upon information and belief, Defendant Bigsy provides its services to customers in Pennsylvania and/or throughout the United States, and solicits customers in Pennsylvania and/or throughout the United States, through the following website (the "Website"): www.bigsymusic.com.  For example, through the Website Bigsy Music solicits open tracks from songwriters who write music in need of lyrics.

10. Upon information and belief, Defendant Biggs is an individual residing at 815 Orangewood Court, Perkasie, Bucks County, Pennsylvania 18944.

11. Upon information and belief, Defendant Biggs is the owner of Defendant Bigsy and holds the title of President with Bigsy.

12. There is likely to be evidentiary support, after a reasonable opportunity for further investigation or discovery, that Defendant Biggs holds a significant ownership in Defendant Bigsy.

13. There is likely to be evidentiary support, after a reasonable opportunity for further investigation or discovery that Defendant Biggs is a dominant influence in the corporation and has the capacity to control the acts of the corporation.

## FACTS

14. On or about March 10, 2010, Masterfile discovered that Defendant Bigsy was using five (5) photographs (the "Photographs") owned by Masterfile on the Website owned by Defendant Biggs. Promptly after discovering the infringement, Masterfile sent notice of the infringement to Defendants. A true and correct copy of that notice is attached as Exhibit A. The notice included the screens captured directly from Bigsy's website on or about March 10, 2010, and specifically identified each of Masterfile's copyrighted Photographs and the location(s) that each appeared on the website.

15. Masterfile complied in all respects with the Copyright Act of the United States and secured the exclusive right and privilege in and to the copyright of the Photographs identified by Masterfile as:

| IMAGE CODE | DESCRIPTION | COPYRIGHT REGISTRATION | EFFECTIVE DATE |
| --- | --- | --- | --- |
| 700-00041166 | Violin/Music Notes | VA 1-023-868 | 17-Jul-00 |
| 700-00054041 | Hands | VA 1-091-284 | 21-May-01 |
| 700-00077508 | Beach at Sunset | VA 1-152-020 | 22-May-02 |
| 700-00078655 | Couple on Beach | VA 1-152-020 | 22-May-02 |
| 700-00088297 | Clouds | VA 1-166-519 | 20-Sep-02 |

Copies of the certificate of registration(s) for these Photographs, which were registered as individual images within a compilation, are attached as Exhibit B.

16. Defendants Biggs and Bigsy entrusted a third party developer Tim Kin to act on their behalf in creating the Website. In creating the Website third party developer Tim Kin infringed Masterfile's copyrights in the Photographs by including the Photographs on the Website, without permission or authorization.

17. Defendant Bigsy infringed Masterfile's copyright in the Photographs by publishing the Website and thereby displaying the Photographs on the Website without permission or authorization.

18. Defendant Bigsy is not, and has never been, licensed or otherwise authorized to use the Photographs.

19. The Website is located on the World Wide Web and accessible throughout the world, including in Pennsylvania, via the Internet.

20. The Website was developed and implemented at the direction of Defendant Biggs.

21. Defendant Biggs had the ability to supervise and control the development of the Website.

22. Defendant Biggs had the ability to supervise and control content, including photographs, displayed on the Website.

23. Masterfile notified Defendants that Defendants' unauthorized use of the Photographs violates Masterfile's exclusive rights as copyright owner, and gave the

Defendants an opportunity to enter into a retroactive licensing agreement or make payment for Defendants' unauthorized use prior to instituting the present action.

## COUNT I

### CLAIM FOR COPYRIGHT INFRINGEMENT
### Under 17 U.S.C. §§ 106 and 501

24.     Masterfile incorporates by this reference paragraphs 1-23 above as if fully set forth herein.

25.     Masterfile is owner of the copyright in and to the Photographs.

26.     Through the Website, Defendant Bigsy has made unauthorized copies of the Photographs and caused the same to be displayed without the consent of Masterfile.

27.     By making and displaying the unauthorized copies and/or causing the making and displaying of the unauthorized copies, the Defendants Bigsy infringes Masterfile's copyright in and to the Photographs.

28.     As a consequence of the foregoing infringement, Masterfile has suffered injury.

29.     As a further consequence of the foregoing infringement, Defendant Bigsy has been unjustly enriched by using the Photographs without payment of the license fee therefore.

30.     Defendant Bigsy has caused Masterfile to suffer injury and financial harm including, the loss of its license fee, and infringement of Masterfile's proprietary interests.

## COUNT II

### CLAIM FOR COPYRIGHT INFRINGEMENT
### Under 17 U.S.C. §§ 106 and 501

31. Masterfile incorporates by this reference paragraphs 1-30 above as if fully set forth herein.

32. There is likely to be evidentiary support, after a reasonable opportunity for further investigation or discovery that Defendant Biggs is a dominant influence in the corporation.

33. There is likely to be evidentiary support, after a reasonable opportunity for further investigation or discovery that Defendant Biggs has the capacity to control the acts of the corporation.

34. There is likely to be evidentiary support, after a reasonable opportunity for further investigation or discovery that Defendant Biggs had the ability to supervise the infringing acts of Defendant Bigsy.

35. There is likely to be evidentiary support, after a reasonable opportunity for further investigation or discovery that Defendant Biggs had a financial interest in the infringing acts of Defendant Bigsy.

36. There is likely to be evidentiary support, after a reasonable opportunity for further investigation or discovery that Defendant Biggs directed the construction of the Website and/or personally participated in the infringing acts of Defendant Bigsy.

37. Defendant Biggs is therefore jointly and severally liable for the infringing acts of Defendant Bigsy.

## COUNT III

**CLAIM FOR INTENTIONAL REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION UNDER 17 U.S.C. § 1202(b)**

38. Masterfile incorporates by this reference paragraphs 1-37 above as if fully set forth herein.

39. Each of the Photographs contained embedded copyright management information protected under 17 U.S.C. § 1202(b).

40. The copyright mamangement information was not present in the Photographs as they used on the Website.  There is likely to be evidentiary support, after a reasonable opportunity for further investigation or discovery that one or more of the Defendants, or the agent of one or more of the Defendants, either intentionally removed, or authorized, instructed or otherwise directed removal of, the copyright management information with the intent to induce, enable, facilitate, or conceal an infringement of Masterfile's rights under the Copyright Act.

41. Such conduct as aforesaid is a violation of 17 U.S.C. § 1202(b).

42. By reason of said violation, Masterfile is entitled to recover statutory damages under 17 U.S.C. § 1203(c) in the amount of between $2,500.00 and $25,000 for each of the Photographs wherein the copyright management information was removed as aforesaid, for a total of at least $12,500.00, plus costs and attorney's fees.

**WHEREFORE**, Masterfile prays that this Court:

1. Preliminarily and permanently enjoin Defendants, its officers, directors, principals, agents, servants, employees, successors and assigns from:

      a. copying, or making any unauthorized use, including the making of derivatives, of the Photographs, in any form, including but not limited to print or electronic.

      b. manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any promotional material bearing any simulation, reproduction, counterfeit, or copy of the Photographs.

      c. using any simulation, reproduction, counterfeit, or copy of the Photographs, in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product or service of Defendants.

    2. Direct Defendants to deliver for destruction all products, magazines, signs, prints, packages, dies, wrappers, receptacles, digital files and advertisements in its possession or under its control, bearing the Photographs, or any simulation, reproduction, counterfeit, or copy, and all plates, molds, matrices and other means of making the same.

    3. Direct Defendants to account for and relinquish to Masterfile all gains, profits, and advantages derived by Defendants through Defendants' infringement of Masterfile's copyright.

    4. Award to Masterfile such damages, including actual or statutory damages, as Masterfile is entitled to as a consequence of Defendants' infringement of Masterfile's copyright.

5. Award to Masterfile such damages, including actual or statutory damages, as Masterfile is entitled to as a consequence of Defendants' removal of copyright management information.

6. Award to Masterfile the costs of this action together with reasonable attorney's fees.

7. Award to Masterfile such other and further relief as the Court may deem just and proper.

Dated: January 20, 2011

GREENBERG TRAURIG, LLP

_____
Diane E. Vuocolo (DEV6713)
Charles L. Rombeau (CLR7646)
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel: (215) 988-7800
Fax: (215) 988-7801
vuocolod@gtlaw.com
rombeauc@gtlaw.om

**Attorneys for Plaintiff
Masterfile Corporation**

OF COUNSEL:
Adam B. Landa, Esq.
Greenberg Traurig LLP
450 South Orange Avenue
Suite 650
Orlando, FL 32801
Tel (407) 420-1000
Fax: (407) 420-5909
landaa@gtlaw.com